IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKSBURG HEALTHCARE, )
LLC d/b/a MERIT HEALTH )
RIVER REGION )
)
     Plaintiff, )
)
v. )
)
KPC PROMISE HOSPITAL )
OF VICKSBURG, LLC; )
KPC PROMISE HEALTHCARE, )
LLC; and STRATEGIC GLOBAL )
MANAGEMENT, INC. )
)
     Defendants. )

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

AUG 11 2023

ARTHUR JOHNSTON
BY_____ DEPUTY

CAUSE NO. 3:23-CV-525 CWR-FKB

## COMPLAINT

Plaintiff Vicksburg Healthcare, LLC d/b/a Merit Health River Region ("Merit Health") makes the following complaint against Defendants KPC Promise Hospital of Vicksburg, LLC ("KPC Promise"), KPC Promise Healthcare, LLC ("KPC Healthcare"), and Strategic Global Management, Inc. ("SGM") (collectively, the "KPC Enterprise").

### PARTIES

1.     Merit Health is a limited liability company incorporated under the laws of the State of Delaware and is qualified to do business in the State of Mississippi. Merit Health's members are citizens of the State of Mississippi.

2.     KPC Promise is a limited liability company incorporated under the laws of the State of California and is qualified to do business in the State of Mississippi. **Exhibit A** – KPC Promise Articles of Incorporation. KPC Promise's sole member, Kali Pradip Chaudhuri, is a citizen of the State of California. KPC Promise may be served with

1

process through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3.    KPC Healthcare is a limited liability company incorporated under the laws of the State of California. **Exhibit B** – KPC Healthcare Articles of Incorporation. KPC Promise's sole member, Kali Pradip Chaudhuri, is a citizen of the State of California. KPC Healthcare may be served with process through its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Sacramento, California. KPC Healthcare operates as an alter ego of and/or single business enterprise with KPC Promise and SGM.

4.    SGM is a corporation formed under the laws of the State of California. **Exhibit C** – SGM Articles of Incorporation. Kali Pradip Chaudhuri incorporated SGM and acts as the Chief Executive Officer and Chief Financial Officer. SGM may be served with process through its registered agent, CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Sacramento, California. SGM operates as an alter ego of and/or single business enterprise with KPC Healthcare and KPC Promise.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

7.      Merit Health owns real property in Warren County, Mississippi that is commonly known as 2100 Highway 61 North, Vicksburg, Mississippi 39183 (the "Merit Health Hospital").

**A.      Merit Health Leases the Premises to Promise Hospital of Vicksburg, Inc.**

8.      On or about August 31, 2017, Promise Hospital of Vicksburg, Inc. (an entity unaffiliated with the KPC Enterprise) entered into a written lease agreement (the "Lease Agreement") under which Promise Hospital of Vicksburg, Inc. would utilize approximately 21,875.26 square feet located on the sixth floor of the Merit Health Hospital (the "Premises") as a 32 licensed bed long-term acute care hospital facility in exchange for $75,378.50 in rent per month, based on $41.36 per square foot. **Exhibit D** – Commercial Lease Agreement, Sections 1.1 (Premises), 3.1 (Rent), Ex. A Premises Floor Plan.

9.      The Lease Agreement incorporated the contemporaneously executed Amended and Restated Purchased Services Agreement (the "Services Agreement"). **Exhibit D** – Section 18 (Incorporation of Agreements). **Exhibit E** – Services Agreement.

10.      The Services Agreement authorized the lessee to engage Merit Health for certain ancillary services, including a variety of medical and dietary services (the "Purchased Services"). **Exhibit E** – Recital D; Ex. A (Purchased Services).

11.      Under the Services Agreement, Merit Health invoiced the lessee monthly for the agreed upon "fair market value" of the Purchased Services while the lessee was "responsible for billing Patients and any third party payors" for the Purchased Services. **Exhibit E** – Sections 3.1, 3.2, 3.4.

3

12.    On or about May 28, 2018, Promise Vicksburg, Inc. amended the Lease Agreement to commence the 60-month lease term on April 24, 2018 and set it to expire on April 23, 2023. **Exhibit F** – Commencement Date Rider and Promise Vicksburg, Inc.'s First Amendment to Commercial Lease Agreement.

**B.    SGM and KPC Healthcare Procure the Lease Agreement for KPC Promise.**

13.    On November 11, 2018, Promise Hospital of Vicksburg, Inc. filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 18-12516-CTG.

14.    That proceeding was consolidated for administration purposes with other related Chapter 11 debtors' proceedings in the United States Bankruptcy Court for the District of Delaware, Case No. 18-12491-CTG.

15.    In the consolidated bankruptcy proceeding, Promise Hospital of Vicksburg, Inc. auctioned its rights and obligations under the Lease Agreement in a bid proceeding.

16.    On February 22, 2019, Promise Hospital of Vicksburg, Inc. notified the bankruptcy court "that the Successful Bidder . . . is Strategic Global Management, Inc."

17.    On March 1, 2019, the bankruptcy court approved the sale of the Lease Agreement and authorized the assumption and assignment of the Lease Agreement.

18.    To satisfy its obligations under the Bankruptcy Code, SGM purported to provide adequate assurance of future performance of the Lease Agreement.

19.    SGM won the bid, created an affiliate and subsidiary to assign its rights and obligations to concerning the bid purchase, and provided the necessary funds to operationalize the above.

20.    SGM orchestrated through its own design and plan the organization of KPC Healthcare and KPC Promise and operationalized their organization using its own officers, employees, and funds.

21.    KPC Healthcare filed Articles of Organization March 15, 2019. **Exhibit B.**

22.    KPC Promise filed Articles of Organization on March 15, 2019. **Exhibit C.**

23.    On or about June 14, 2019, KPC Healthcare and KPC Promise executed an agreement to purchase the Lease Agreement.

24.    On or about June 14, 2019, Promise Hospital of Vicksburg, Inc. assigned and KPC Promise assumed the Lease Agreement. **Exhibit G** – Assignment and Assumption of Commercial Lease Agreement.

25.    On or about June 24, 2019, SGM, as the Successful Bidder, provided notice that it had through a non-arm's length transaction "assigned its rights and obligations" to purchase the Lease Agreement "to its affiliate, KPC [Healthcare] and its designated subsidiaries," one of which is KPC Promise.

**C.    KPC Promise defaults under the Lease Agreement and vacates the Premises, leaving unpaid to Merit Health $1.7M in accounts receivable.**

26.    On or about March 15, 2020, KPC Promise amended the Lease Agreement to reflect its assumption of the Lease Agreement and to increase the leased square footage from 21,875.26 to 26,355 and to increase the monthly base rent from $75,378.50 to $90,836.90, consistent with the original $41.36 per square foot. **Exhibit H** – KPC Promise's First Amendment to the Commercial Lease Agreement.

27.    On or about March 30, 2020, KPC Promise amended the Lease Agreement to set April 1, 2020 as the effective date for the increased leased square footage and rent

5

set forth in paragraph 9 above. **Exhibit I** – KPC Promise's Second Amendment to the Commercial Lease Agreement.

28.    The Lease Agreement expired by its own terms on April 23, 2023. **Exhibit D,** Section 2.4; **Exhibit F.**

29.    KPC Promise continued to occupy the premises as a tenant at will after April 23, 2023 without paying rent.

30.    KPC Promise failed to tender the monthly rent of $90,836.90 totaling $717,526 for the following months during the Lease Agreement's natural term: 2022— August[1], October, November, December; 2023—January, February, March, and April.

31.    On May 9, 2023, Merit Health sent KPC Promise a notice to vacate the premises and of its outstanding accounts receivable. **Exhibit J** – May 9, 2023 Notice to KPC Promise (the "Notice").

32.    KPC Promise failed to tender double the monthly rent of $90,836.90 totaling $363,347.60 for the following months: May and June 2023 as required by Mississippi law.

33.    KPC Promise also failed to tender the monthly payments totaling $71,855 owed under the Services Agreement for Dietary & Floor Stock for the following months: 2022—August, September, October, November, December; 2023—January, February, March, April, and May.

34.    KPC Promise failed to tender the monthly payments totaling $569,412 owed under the Services Agreement for Patient Accounts for the following months:

---

[1] KPC Promise made a small partial payment for the August 2022 rent, however, $81,674 is still owed for that month.

2022—June, August, September, October, November, December; 2023—January, February, March, April, and May.

35.    Between April and May 2023, Merit Health received three checks (Check Nos. 8695 and 8656) from KPC Healthcare, two of which contained identical check numbers (Check No. 8656). **Exhibit K** - Checks. Each check was written in the amount of $154,202.82 and was described for August 2022 rent and June 2022 patient accounts.

36.    Merit Health attempted to deposit one of the checks numbered 8656 on or about May 4, 2023. That check reversed and did not clear. Merit Health did not receive any funds from the first check numbered 8656.

37.    Merit Health attempted to deposit the second check numbered 8656 and Check Number 8695 on May 10, 2023. Those checks also did not clear because KPC Healthcare issued a stop payment order on the checks. Merit Health did not receive any funds from the second check numbered 8656 or Check Number 8695.

38.    After unsuccessfully working with KPC Promise for over a year to address the delinquency and non-payment of rent, Merit Health sent the May 9, 2023 Notice.

39.    As the Notice explained, Merit Health had persevered KPC Promise's delinquency and growing accounts receivable in an effort to adequately address KPC Promise's non-payments, but KPC Promise was not able to agree to a payment plan which would promptly and completely remedy the default. **Exhibit J**.

40.    The Notice required KPC Promise to vacate the Premises within 30 days, *i.e.*, by June 8, 2023. **Exhibit J**.

41.    KPC Promise vacated the Premises on June 8, 2023.

42.     To date, KPC Promise has failed to cure its outstanding accounts receivable owed to Merit Health, totaling approximately $1,650,000.

**COUNT ONE**

**Breach of Contract**

43.     Merit Health incorporates by reference all preceding allegations as if set furth fully herein.

44.     KPC Promise has materially breached the Lease Agreement and incorporated Services Agreement by failing to pay rent and other accounts receivable owed to Merit Health.

45.     Under Mississippi law, a lease is a contract. *Kleyle v. Deogracias*, 330 So. 3d 401, 406 (Miss. Ct. App. 2021).

46.     A claim for breach of contract and/or lease has two elements: (1) "the existence of a valid and binding contract," and (2) a showing "that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 414 (Miss. 2018).

47.     **Contract:** The Lease Agreement and amendments made thereto and exhibited herewith are valid and binding contracts.

48.     **Breach and/or Default:** Section 3.1 of the Lease Agreement provides that rent is due on the first day of each month. **Exhibit D**. Section 11.1.1(a) provides that failure to pay overdue rent within five days after written notice constitutes default, *i.e.,* breach. *Id.*

49.     Merit Health invoiced rent due in writing several days after the close of the month. **Exhibit L** – Invoices. For example, Merit Health invoiced the August 2022 rent

on September 8, 2022.  The invoices also included accounts receivable under the Services Agreement.

50.     KPC Promise is in default under Section 11.1.1(a) of the Lease Agreement. As detailed above: KPC Promise owes $717,526 in rent up and until the Lease Agreement's term naturally expired on April 23, 2023; Merit Health provided written notice of default and to vacate the Premises on May 9, 2023; and KPC Promise failed to cure the default and held over on the Premises until June 8, 2023.

51.     Section 11.1.1(b) of the Lease Agreement provides that failure to observe or perform any term of the Lease Agreement and continued failure for a period of thirty days after written notice constitutes default. **Exhibit D.**

52.     Section 6.2 required the surrender of the Premises on the last day of the term, *i.e.*, April 23, 2023. *Id.*; **Exhibit E.**

53.     **Arrears (Miss. Code § 89-7-7):** Based on the above-described uncured-default by KPC Promise, Merit Health is entitled to an award in the amount of $717,526 against KPC Promise for its arrearage debt owed during the natural term of the Lease Agreement.

54.     Merit Health is also entitled to an award in the amount of $109,003 against KPC Promise for its arrearage debt owed during for the two months that KPC Promise held over after the natural expiration of the Lease Agreement's term.

55.     Merit Health is also entitled to an award in the amount of $72,304 owed under the Services Agreement for Dietary & Floor Stock services.

56.     Merit Health is also entitled to an award in the amount of $569,412 owed under the Services Agreement for Patient Accounts.

57.    **Double Rent (Miss. Code § 89-7-25):** In addition to the amounts stated in paragraphs 53 – 56, Merit Health is entitled to an award in the amount of $181,672 as double rent damages against KPC Promise for the two months KPC Promise held over after the natural expiration of the Lease Agreement's term.

58.    Alternative to Double Rent, Merit Health is entitled to an award in the amount of $44,418 as contractual holdover damages under Section 27 of the Lease Agreement against KPC Promise for the two months KPC Promise held over after the natural expiration of the Lease Agreement's term.

59.    **Attorneys' Fees:** Section 25 of the Lease Agreement provides that the prevailing party in this action is entitled to its reasonable attorneys' fees to be paid by the losing party as fixed by the court. **Exhibit D.** Merit Health will therefore be entitled to its reasonable attorneys' fees at the conclusion of this action, a total to be provided at trial and/or the entry of Judgment.

60.    **Interest:** Section 3.1 of the Lease Agreement provides for interest to accrue on any monthly installment of rent after ten days from when the rent is due until paid at a rate equal to the latest U.S. prime rate of interest published in the money rates table of the Wall Street Journal plus three percentage points per annum (which is 8.25% plus three percentage points), or the maximum rate allowed by law (which is 8% per annum pursuant to Miss. Code § 75-17-1), whichever is less (which is 8% per annum). Accordingly, Merit Health is entitled to interest on all rent owed at a rate of 8% per annum, the sum of which will be provided at trial and/or the entry of Judgment.

## COUNT TWO

### Alter Ego and Single Business Enterprise Liability

61. Merit Health incorporates by reference all preceding allegations as if set furth fully herein.

62. KPC Promise, KPC Healthcare, SGM are jointly and severally liable for all damages and relief sought in Count One under the doctrines of alter ego and/or single business enterprise.

63. KPC Promise, KPC Healthcare, SGM have a unity of interest.

64. Upon information and belief, SGM's majority shareholder is Kali Pradip Chaudhuri.

65. KPC Healthcare is a single member company owned by Kali Pradip Chaudhuri.

66. KPC Promise is a single member company owned by Kali Pradip Chaudhuri.

67. Kali Pradip Chaudhuri, the owner of the KPC Enterprise, hence his initials, KPC, executed the purchase agreement of the Lease Agreement from Promise Hospital of Vicksburg, Inc. on behalf of both KPC Promise and KPC Healthcare.

68. Kali Pradip Chaudhuri also executed the Assignment and Assumption of Commercial Lease Agreement on behalf of KPC Promise. **Exhibit G.**

69. Upon information and belief, SGM has control over the finances of KPC Healthcare and KPC Promise. SGM orchestrated through its own design and plan the organization of KPC Healthcare and KPC Promise and operationalized their organization using its own officers, employees, and capital.

70.    Upon information and belief, the KPC Enterprise commingles funds and assets. SGM orchestrated and operationalized the organization of KPC Healthcare. KPC Healthcare paid the purchase price for the Lease Agreement on behalf of KPC Promise. The funds used for that purchase derived from SGM.

71.    Upon information and belief, the KPC Enterprise intended to derive profit from KPC Promise operationalizing the Lease Agreement, while any liability for holding the Lease Agreement remained with KPC Promise.

72.    KPC Healthcare controls finances of KPC Promise. As alleged above, KPC Healthcare issued three checks to Merit Health on behalf of the debt owed by KPC Promise. KPC Healthcare assumed the debt owed by KPC Promise but issued stop orders on the checks to prevent the funds from being transferred to Merit Health because it learned that Merit Health had provided KPC Promise written notice to vacate the premises.

73.    Notwithstanding the stop orders on those checks, KPC Promise promulgated disinformation in the media intending to mislead the public to believe that KPC Promise had sent checks totaling "$526,694 and paying off half of their debt," even though the two different check numbers totaled $308,405.64, which is nowhere near half of the accounts receivable. KPC Promise juxtaposed that disinformation with a statement that it questioned whether Merit Health is "invested in our community."

74.    Upon information and belief, the KPC Enterprise intended to pressure Merit Health to not enforce its rights either to payment of accounts receivable or to the return of the Premises through the above-mentioned media blitz.

75.     KPC Promise, KPC Healthcare, and SGM all share physical office space at 9 KPC Parkway, Corona, California 92879.

76.     Upon information and belief, KPC Promise, KPC Healthcare, and SGM all share certain employees, including general counsel, William E. Thomas.

77.     Upon information and belief, SGM and KPC Healthcare undercapitalized KPC Promise which resulted in KPC Promise's inability to fulfill its obligations to maintain the healthcare facility and pay rent under the Lease Agreement without the support of SGM and KPC Healthcare.

78.     SGM created KPC Promise as a conduit to operationalize the Lease Agreement it successfully bid on in Promise Hospital of Vicksburg, Inc.'s bankruptcy proceeding.

79.     SGM created and capitalized KPC Healthcare to procure the Lease Agreement for KPC Promise.

80.     Upon information and belief, KPC Promise had a total absence of corporate assets other than that which was procured and/or purchased for it on its behalf by KPC Healthcare and/or SGM.

81.     Upon information and belief, SGM, its shareholders, and/or KPC Healthcare financially benefited by KPC Promise operationalizing the Lease Agreement and not paying its accounts receivable to Merit Health.

82.     Upon information and belief, SGM, KPC Healthcare, and KPC Promise are all privately held and ultimately controlled by and for the benefit of Kali Pradip Chaudhuri.

83.     Upon information and belief, the KPC Enterprise manipulates assets and liabilities by using KPC Healthcare as a middleman and shifting liabilities and obligations to KPC Promise. KPC Healthcare retrieved assets and profits from KPC Promise which were utilized by KPC Healthcare as a central point of financial control. Realized profits from KPC Promise and other KPC companies were siphoned by SGM and/or its shareholders.

84.     Any adherence to the fiction of the separate existence of the corporate and limited liability company statuses would, under these circumstances set forth in the Complaint, sanction a fraud or promote injustice.

85.     SGM was the successful bidder of the Lease Agreement in Promise Healthcare of Vicksburg, Inc.'s bankruptcy proceeding and purported to give adequate assurance of future performance.

86.     SGM orchestrated through its own design and plan the organization of KPC Healthcare and KPC Promise and operationalized their organization using its own officers, employees, and funds.

87.     SGM undercapitalizing KPC Promise to fulfill the Lease Agreement in this context constitutes bad faith.

88.     SGM and/or its shareholders financially benefiting from KPC Promise operationalizing the Lease Agreement and not paying its accounts receivable constitutes bad faith.

89.     KPC Healthcare issuing stop orders on the checks delivered and payable to Merit Health for KPC Promise's accounts receivable under the Lease Agreement constitutes bad faith.

90.    KPC Healthcare and SGM misusing their control over KPC Promise in an attempt to avoid liability under the Lease Agreement to Merit Health constitutes bad faith.

91.    Merit Health reserves the right to amend this complaint upon learning further conduct or omissions by SGM and/or KPC Healthcare during the fact discovery of this action.

## PRAYER FOR RELIEF

WHEREFORE, Merit Health demands a jury trial in this Court and the following relief jointly and severally from KPC Promise, KPC Healthcare, and SGM:

a.    An order declaring KPC Promise in breach of the Lease Agreement;

b.    An order directing KPC Promise, KPC Healthcare, and SGM to pay $1,468,245, plus interest, as its arrearage debt and accounts receivable owed to Merit Health;

c.    An order directing KPC Promise, KPC Healthcare, and SGM to pay $181,672, plus interest, as its hold over double rent owed to Merit Health;

d.    An order directing KPC Promise, KPC Healthcare, and SGM to pay all costs of court and Merit Health's attorneys' fees, in an amount to be provided at trial and/or the entry of Judgment;

e.    An order directing KPC Promise, KPC Healthcare, and SGM to pay all pre-judgment and post-judgment interest due legally and/or under the Lease Agreement.

f.    An order finding KPC Promise, KPC Healthcare, and SGM jointly and severally liable for all amounts in subparagraphs (b) – (e).

g.     Any and all further relief that the Court may deem appropriate.


Submitted: August 11, 2023.

Jason E. Fortenberry (MSB # 102282)
Jonathan M. Barnes (MSB # 105659)
jfortenberry@bradley.com
jbarnes@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place, Suite 1000
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Vicksburg Healthcare, LLC
d/b/a Merit Health River Region*